United States District Court
Southern District of Texas
**ENTERED**
June 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA LOUIS LITTLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3446 |
| | § | |
| FEDERAL BUREAU OF INVESTIGATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendant Federal Bureau of Investigation's ("F.B.I.") Motions to Dismiss (Docs. 4, 11). The court has considered the motions, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the F.B.I.'s motion to dismiss (Doc. 4) be **GRANTED**, and that its second motion to dismiss (Doc. 11) **BE DENIED AS MOOT.**

### I. Case Background

Plaintiff Joshua Louis Little ("Plaintiff") filed a complaint against the F.B.I. on November 21, 2016, attempting to compel the F.B.I. to procure a search warrant on a neighbor's home "to get Anntwyla Bass out of the house."[2] Plaintiff explained, "I am a prince [and] she is the princess to a drug kingpin conspiracy in

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 5, Ord. Dated Jan. 17, 2017.

[2] See Doc. 1, Pl.'s Compl. p. 1.

the neighborhood."[3] Plaintiff requested that "20 F.B.I. agents fly down from Washington D.C. and then pick [him] up and [they] fly out."[4]

Plaintiff further complained that when he went to the Houston F.B.I. office on June 30, 2016, in order to discuss his demand for an investigation of his neighbor, he was never able to speak directly to an agent and "they used decoy employees instead."[5] When he returned the next day, Plaintiff was not allowed past security.[6] Plaintiff later traveled to the F.B.I. office in Salt Lake City, Utah, where he "spoke with an agent who was alerted by a coworker that [he] would be there that morning."[7] He seeks $200,000,000.00 in damages.[8]

On January 12, 2017, the F.B.I. filed a motion to dismiss under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).[9] On March 2, 2017, the court ordered Plaintiff to respond the F.B.I.'s motion within fourteen days from receipt of

---

[3] See id.

[4] Id. p. 2.

[5] Id. p. 1.

[6] Id.

[7] Id. pp. 1-2.

[8] See Doc. 1, Pl.'s Compl. p. 1; Doc. 10, Pl.'s Resp. to Def.'s 1st Mot. to Dismiss p. 2.

[9] See Doc. 4, Def.'s 1st Mot. to Dismiss.

2

the order.[10] On March 15, 2017, Plaintiff filed a response to the F.B.I.'s motion to dismiss.[11] In the response, Plaintiff argues that the F.B.I.'s failure to investigate these claims is a violation of his right to due process and an obstruction of justice.[12] The F.B.I. filed a second motion to dismiss on March 31, 2017, on grounds of improper service.[13]

## II. Legal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co, 243 F.3d 912, 916 (5th Cir. 2001). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

---

[10] See Doc. 9, Ord. Dated Mar. 2, 2017.

[11] See Doc. 10, Pl.'s Resp. to Def.'s 1st Mot. to Dismiss.

[12] Id. p. 1.

[13] See Doc. 11, Def.'s 2d Mot. to Dismiss.

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming, 281 F.3d at 161. The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

The court should decide the Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion before addressing any attack on the merits. Ramming, 281 F.3d at 161. A district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, its jurisdiction over such actions is limited to actual cases or controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement . . . ." Id. at 560.

### III. Analysis

The F.B.I. argues that this action should be dismissed for lack of subject matter jurisdiction because there has been no

4

waiver of sovereign immunity.[14] "The United States, as sovereign, is immune from suit save it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). As the F.B.I. contends in its motion to dismiss, Plaintiff has not specified in his complaint what applicable law waives sovereign immunity in this case.

The United States' sovereign immunity is waived for tort claims brought against the federal government under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2674; see also Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016). The limited waiver of sovereign immunity under the FTCA allows for the recovery of monetary damages "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission" of federal employees acting within the scope of employment. 28 U.S.C. § 2679.[15]

In his complaint, Plaintiff has failed to allege that he had any injury or property damage committed by a federal employee that

---

[14] The F.B.I. also filed motions to dismiss under Rules 12(b)(5) and 12(b)(6), arguing that it was never properly served and that Plaintiff failed to state a claim. However, the court need not reach these arguments as the court has no subject matter jurisdiction over Plaintiff's claims.

[15] The court acknowledges that the FTCA only allows a plaintiff to sue the United States, not a federal agency or the agency's employees. 28 U.S.C. § 2674; see also Mendiola v. Cameron Cty. Dist. Att'y's Office, No. B-13-236, 2014 WL 12644282, at *7 (S.D. Tex. Oct. 10, 2014)(unpublished), adopted in full by Mendiola v. Cameron Cty. Dist. Att'y's Office, No. B-13-236, 2014 WL 1264483 (S.D. Tex. Nov. 19, 2014)(unpublished)(citing Al-Dahir v. F.B.I., 454 F. App'x 238, 239 (5th Cir. 2011)(unpublished)). Therefore, the F.B.I. may not be sued in its own name. Even if Plaintiff were allowed to amend his complaint to name the United States as the defendant, such amendment would be futile.

would bring his claim within the scope of the FTCA.[16] Rather, he alleges that his constitutional rights were violated by the F.B.I.'s failure to investigate a neighbor or respond to his complaints. Because his claim does not fall under the FTCA, sovereign immunity is not waived. See Hernandez v. United States, 757 F.3d 249, 273 (5th Cir. 2014)(acknowledging that plaintiffs lacked the ability to sue the United States for a violation of due process). For these reasons, this court lacks subject matter jurisdiction, and dismissal of this action is appropriate.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that the F.B.I.'s motion to dismiss (Doc. 4) be **GRANTED**. The F.B.I.'s motion to dismiss for insufficient service (Doc. 11) is **DENIED AS MOOT.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the

---

[16] Additionally, even if his claims fell within the scope of the FTCA, the court still would not have any jurisdiction over such claims, as Plaintiff did not attempt to exhaust his administrative remedies by filing a claim with the F.B.I. before he brought this lawsuit. 28 U.S.C. § 2675(a); see also Mendiola, 2014 WL 12644282, at *7.

United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 15th  day of June, 2017.

_____
U.S. MAGISTRATE JUDGE